**In re David William ROSS and Darlene Vicky Ross, Husband and Wife, Debtors.**

**Bankruptcy No. 93–00878.**

United States Bankruptcy Court, D. Idaho.

Nov. 5, 1993.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

John Krommenhoek, the trustee in this chapter 7 bankruptcy, moves for an order permitting him to revoke a revocable trust created by David and Darlene Ross ("debtors"). Debtors oppose the motion.

The debtors filed their chapter 7 petition on March 29, 1993. The debtors had previously entered into an agreement entitled "The Ross Family Living Trust" with an effective date of June 3, 1991. (Two trusts, designated as "Trust A" and "Trust B," were created by the trust document. This distinction is unnecessary to the Court's decision, and will not be further dealt with.) At least three pieces of real property were transferred to the trust. Debtors are the settlors (grantors) and trustees of the trust; debtors are also the beneficiaries of Trust A. The trust contains a number of provisions relevant to the present matter. First, so long as both grantors are alive, the trustees are required to pay to them any amounts of principal and income as the grantors request. Art. II, § 1. Second, all community property transferred to the trust retains its status as community property during the lifetimes of both grantors. Art. II, § 2. Third, so long as both grantors are alive, they have the right to direct the investment of the trust estate. Art. V, § 6. Fourth, and most importantly, the grantors reserve the right during their joint lifetimes to amend or revoke the trust in part or in full. Art. VI, § 1.

The filing of a petition in bankruptcy creates an estate, consisting of "all legal or

equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The power to revoke the trust is itself a property interest, and therefore property of the estate on the debtors' bankruptcy. *In re Moffat*, 107 B.R. 255, 259–60 (Bankr.C.D.Cal.1989), *aff'd sub nom. Moffat v. Habberbush [sic] (In re Moffat)*, 119 B.R. 201 (9th Cir. BAP 1990), *aff'd sub nom. Moffat v. Haberbush (In re Moffat)*, 959 F.2d 740 (9th Cir.1991). Accordingly, the trustee in bankruptcy may exercise the power and revoke the trust. *See Moffat, supra*, 107 B.R. at 260; Restatement (2d) Trusts § 330, comment o (1959) (under Bankruptcy Act of 1898).

Accordingly, it is

ORDERED:

1. The trustee may exercise the power to revoke the trust, and that the trust is hereby revoked. All property of the trust is vested in the bankruptcy estate.

2. The debtors shall turn over to the trustee all books, records and documents concerning the administration of the trust and all property of the trust. .